Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

US DISTRICT COURT
~~WESTERN DISTRICT OF ARKANSAS~~
FILED

JAN 0 9 2026

By_____
Ronald E. Dowling
Deputy Clerk

# UNITED STATES DISTRICT COURT
for the

Western District of Arkansas  ⊙

Fayetteville Division

| | |
|---|---|
| Stephanie McTee; Jaron McTee; and J.M. (a minor, by and through his parents) | ) ) ) ) |
| *Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) ) ) ) ) |
| **-v-** | ) ) ) |
| Sgt.Trevor Hammons; Ofc. Diego Ibarra; Ofc. Darrin Bentley; Chief Corey Jenison; and the City of Tontitown | ) ) ) |
| *Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)* | ) ) ) ) |

Case No.   5:2U-CV-05007
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)*  ✔ Yes    ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)  3

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Stephanie McTee , JARON MCTEE, J.M. (MINOR) |
| Address | 156 Ranalli Ave. |
| | Tontitown     AR     72762 |
| | *City*    *State*    *Zip Code* |
| County | Washington |
| Telephone Number | (479)365-5415 |
| E-Mail Address | flipgrassllc@gmail.com |

### B. The Defendant(s)  5

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Officer Trevor Hammons |
| Job or Title *(if known)* | Police Officer, Tontitown Police Department |
| Address | 235 E. Henri De Tonti Blvd |
| | Tontitown     AR     72770 |
| | *City*    *State*    *Zip Code* |
| County | Washington |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☑ Individual capacity    ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Officer Diego Ibarra |
| Job or Title *(if known)* | Police Officer, Tontitown Police Department |
| Address | 235 E. Henri De Tonti Blvd |
| | Tontitown     AR     72770 |
| | *City*    *State*    *Zip Code* |
| County | Washington |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☑ Individual capacity    ☑ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Defendant No. 3

| | |
|---|---|
| Name | Officer Darrin Bentley |
| Job or Title *(if known)* | Police Officer, Tontitown Police Department |
| Address | 235 E. Henri De Tonti Blvd |
| | Tontitown |

| City | State | Zip Code |
|---|---|---|
| Tontitown | AR | 72770 |

County     Washington

Telephone Number

E-Mail Address *(if known)*

☑ Individual capacity     ☑ Official capacity

Defendant No. 4

| | |
|---|---|
| Name | Chief Corey Jenison |
| Job or Title *(if known)* | Police Chief, Tontitown Police Department |
| Address | 235 E. Henri De Tonti Blvd |

| City | State | Zip Code |
|---|---|---|
| TONTITOWN | AR | 72770 |

Defendant 5 ~~County~~ NAME      CITY OF TONTITOWN

Telephone Number      C/O MAYOR

~~E-Mail~~ Address *(if known)*      235 E. Henri de Tonti Blvd 72770

☑ Individual capacity     ☑ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐    Federal officials (a *Bivens* claim)

☑    State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

1. Fourth Amendment: Freedom from unreasonable search and seizure (unlawful entry onto private property; unlawful detention of minors) and freedom from excessive force.
2. Fourteenth Amendment: Right to Due Process and the fundamental liberty interest of parents to direct the care, upbringing, and control of their children (Troxel v. Granville).
3. First Amendment: Freedom from retaliation for verbal objection to police conduct

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.     Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

## III.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.     Where did the events giving rise to your claim(s) occur?

At the plaintiffs' private residence located at 156 Ranalli Ave, Tontitown, Arkansas (Washington County), specifically in the private driveway and curtilage of the home.

B.     What date and approximate time did the events giving rise to your claim(s) occur?

December 12, 2025, between approximately 9:00 PM and 11:00 PM.

C.     What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*
See Attached Supplement for:
Statement of Claims; and
Causes of Action

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Stephanie McTee: Sustained physical injuries including trauma to the right knee requiring medical care, head trauma, and extensive bruising to the body.

Jaron McTee: Sustained injury to the left shoulder and visible bruising to legs and arms.

Minor Child J.M.: Suffered severe emotional distress and psychological trauma from being unlawfully detained and witnessing the physical assault of his mother by uniformed officers.

Reputational Harm: Plaintiffs suffered defamation due to officers making false statements to other parents regarding plaintiffs' sobriety.

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Compensatory Damages: A judgment against defendants for medical expenses (past and future), pain and suffering, and emotional distress in an amount to be determined at trial, estimated to exceed $750,000. *$750,000*

Punitive Damages: Judgment against individual officers for malicious and reckless conduct.

Injunctive Relief: An order requiring the City of Tontitown to implement mandatory training on juvenile interactions and de-escalation tactics.

Costs: Reasonable attorney's fees and costs of litigation pursuant to 42 U.S.C. § 1988.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:            12/18/2025

Signature of Plaintiff

Printed Name of Plaintiff        Stephanie McTee

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

|  | City | State | Zip Code |
|---|---|---|---|

Telephone Number

E-mail Address

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:            12/18/2025

Signature of Plaintiff

Printed Name of Plaintiff       Jaron McTee

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

|  | City | State | Zip Code |
|---|---|---|---|

Telephone Number

E-mail Address

Page 6 of 6

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## VI.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.      For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:             12/17/2025

Signature of Plaintiff

Printed Name of Plaintiff      Jaron McTee as guardian for J.M.(minor)

### B.      For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

|  | City | State | Zip Code |
|---|---|---|---|

Telephone Number

E-mail Address

Print        Save As...        Add Attachment        Reset

*Pro Se15 Supplemental:*
*McTee vs Hammons, Ibarra, Bentley, Jenison, & City of Tontitown*

## III. STATEMENT OF CLAIM

### 1. FACTUAL BACKGROUND & SELF-DISPATCH

On December 12, 2025, Defendants Bentley and Ibarra responded to a non-emergency juvenile complaint. Dispatch notes (**Exhibit A**: CAD Report #2025-070756) stated: *"SUBJS ARE LAUGHING... DO NOT SEEM TO BE IN DISTRESS."*

Despite the non-emergency nature of the call, Sgt. Trevor Hammons self-initiated a response. The CAD Report confirms Sgt. Hammons was never dispatched. Furthermore, in an email dated Jan 7, 2026 (**Exhibit D**), Tontitown Records Clerk Leslee Shadrick admitted: *"There would not be video or audio on our end of him being dispatched to the scene."* Sgt. Hammons' presence was a "roving," self-initiated intrusion intended to escalate the encounter.

### 2. THE "FORCE-FIRST" TIMELINE

Defendants seized the minor children and physically assaulted Plaintiff Stephanie McTee and Plantiff Jaron McTee (Use of Force at approx. 22:04 and 22:03, respectively).

- Officer Ibarra's official narrative admits the investigation occurred after the assault: *"Ofc. Bentley advised releasing Jarron... I [then] went to speak with the second caller... I observed [the screen] being bent."*
- The CAD Report confirms "One Detained" at 22:10, but Ibarra did not request to verify the crime until 22:12. Defendants utilized force based on unverified hearsay.

### 3. CONCEALMENT OF EVIDENCE (SPOLIATION)

Following the incident, Defendants engaged in a bad-faith effort to conceal material evidence of the assault. As evidenced by the email chain attached as **Exhibit D**:

- On Jan 5, Defendants provided irrelevant "lobby footage" and random papers in response to a FOIA request for bodycam.
- On Jan 6, Officer DeLille stated: *"I am confirming that I have sent you everything I have."* This was false. The production was missing the critical timeframe (22:00-22:07) depicting the use of force.
- Defendants only produced the incriminating footage after Plaintiff Jaron McTee emailed a screenshot proving Sgt. Hammons' camera was active.
- This pattern of denial and delay demonstrates a "Consciousness of Guilt" regarding Sgt. Hammons' conduct.

### 4. PRETEXT & ENTRAPMENT

- Sgt. Hammons' report admits that prior to contact, he accessed "prior domestic violence call history" for the residence, proving pre-existing animus.
- Hammons noted the temperature was "30°F." However, his report admits that when Plaintiffs attempted to bring the children inside, Defendants physically prevented them (*"Officer Bentley and I advised Officer Ibarra to keep them outside"*). Defendants

wantonly exposed minor children to freezing conditions to coerce identification compliance.

## 5. CAUSES OF ACTION

**COUNT I: Fourth Amendment Violation (Unlawful Seizure)** Defendants detained Plaintiffs without probable cause. As confirmed by the CAD and Incident Reports, the investigation into the property damage occurred post-seizure.

**COUNT II: Fourth Amendment Violation (Excessive Force)** Defendant Hammons utilized objectively unreasonable force by performing a "leg sweep" on Plaintiff Stephanie McTee. Hammons' written justification ("she was throwing her hands up") is contradicted by video evidence showing Plaintiff standing still.

**COUNT III: Monell Liability (City of Tontitown)** The City is liable for "Deliberate Indifference." As evidenced by Exhibit A (Resolution 2025), the City paid $30,000 in Sept 2025 to settle *Sherland v. Tontitown*—a lawsuit involving Defendant Hammons utilizing the exact same pretext ("Endangering Welfare") to unlawfully enter a home. The City's failure to retrain Hammons was the moving force behind this incident.

**COUNT IV: Supervisory Liability (Chief Jenison)** Chief Jenison is personally liable for acquiescence in unconstitutional conduct. By allowing Sgt. Hammons to return to duty post-*Sherland* without corrective training, and by ratifying the suppression of evidence (video), Jenison caused the violation of Plaintiffs' rights.

**COUNT V: State Tort - Defamation & Outrage**

- **Defamation:** Defendants published false statements to neighbors/parents that Plaintiffs were "intoxicated" (a "drunk party"). Hammons' report claims an "odor of intoxicants," yet no alcohol was found and witnesses confirm sobriety.
- **Outrage:** Defendants engaged in extreme conduct by ordering children to remain in 30°F weather while simultaneously threatening Plaintiffs with "Endangering Welfare" charges for that exact exposure.

## IV. RELIEF REQUESTED

WHEREFORE, Plaintiffs request:

1. Compensatory and Punitive Damages in an amount not less than $750,000.00.
2. Injunctive Relief requiring the termination of Sgt. Hammons.
3. Attorney's Fees and Costs.
4. Jury Trial.

*Pro Se15 Supplemental:*
*McTee vs Hammons, Ibarra, Bentley, Jenison, & City of Tontitown*

**Stephanie McTee**
*Jaron McTee and*
*"Jaron McTee as guardian for J.M."*