US DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

JAN 16 2026

Ronald E. Dowling
By
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT

### WESTERN DISTRICT OF ARKANSAS

### FAYETTEVILLE DIVISION

**STEPHANIE MCTEE; and JARON MCTEE**

**PLAINTIFFS**

v.                                    **CASE NO. 5:26-cv-05007-TLB**

**SGT. TREVOR HAMMONS, Individually and Official Capacity; OFFICER DIEGO IBARRA, Individually and Official Capacity; OFFICER DARRIN BENTLEY, Individually and Official Capacity; CHIEF COREY JENISON, Individually and Official Capacity; CITY OF TONTITOWN, ARKANSAS**

**DEFENDANTS**

### FIRST AMENDED AND SUBSTITUTED COMPLAINT

#### I. Introduction and Preliminary Statement

1. This is a civil rights action brought under 42 U.S.C. § 1983 to redress the violation of rights secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

2. The Plaintiffs seek damages and injunctive relief arising from a December 12, 2025, encounter on their private property, during which Tontitown Police officers utilized excessive force, unlawful detention, and subsequently engaged in a campaign of retaliation after the Plaintiffs sought legal redress.

156 Ranalli Ave.
Tontitown, AR 72762
(479) 426-9449
FlipgrassLLC@gmail.com

## II. Jurisdiction and Venue

3.  Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983; the United States Constitution; the Arkansas State Constitution; and the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, et seq.

4.  This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

5.  This Court has supplemental jurisdiction over related state law claims, specifically the "State Tort of Outrage" and "Defamation," pursuant to 28 U.S.C. § 1367, as those claims arise from the same common nucleus of operative fact as the federal claims. See *United Mine Workers v. Gibbs*.

6.  This Court has personal jurisdiction over all Defendants, and venue is proper in this court.

## III. Parties

8.  Stephanie McTee and Jaron McTee are legally married, natural persons residing at 156 Ranalli Ave., Tontitown, Arkansas.

9.  Sgt. Trevor Hammons, Ofc. Diego Ibarra, and Ofc. Darrin Bentley: Police officers for the Tontitown Police Department. They are sued in their Individual Capacities for compensatory and punitive damages.

10. Defendant Corey Jenison is the Chief of Police for Tontitown. He is sued in his individual capacity for supervisory liability. He is sued in his individual capacity for supervisory liability, including failure to train and ratification of unconstitutional conduct.

11. City of Tontitown, a city of the first class organized under the laws of Arkansas. The City is

liable under *Monell* for maintaining unconstitutional policies and customs.

## IV. Factual Allegations

### December 12, 2025 Encounter

13. On December 12, 2025, at 9:52 PM, Tontitown Police received a report of "laughing" juveniles. Defendant Hammons, despite not being dispatched, self-initiated a "roving" response to this non-emergency call, evidencing a premeditated intent to engage in aggressive interdiction.

14. At 10:04 PM, mere minutes after arrival and before interviewing the complainant or verifying any property damage, Defendant Hammons initiated physical violence against Stephanie McTee. This "force-first" approach violated standard police protocols, which dictate investigation before seizure, particularly in non-emergency juvenile calls. At all times relevant, Defendants were on notice via Exhibit 5 (CAD Report #2025-070756) that the call was non-emergency, explicitly noting "JUVENILES LAUGHING" and "DO NOT SEEM TO BE IN DISTRESS".

15. During the encounter, Defendant Bentley utilized the threat of state-sanctioned family separation (DHS removal) as an unlawful tool of custodial interrogation, inflicting severe emotional distress while Plaintiffs were handcuffed.

16. Sergeant Trevor Hammons self-initiated a response to the McTee residence at 156 Ranalli Ave.

17. Sergeant Hammons was the senior officer on the scene and had direct authority over Ofc. Bentley and Ofc. Ibarra.

156 Ranalli Ave.
Tontitown, AR 72762
(479) 426-9449
FlipgrassLLC@gmail.com

18. Upon arrival, and before conducting any investigation into the property damage reported by a secondary witness, Sgt. Hammons, Officer Ibarra, and Officer Bentley seized a group of minors outside 188 Ranalli Ave.

19. All minor children involved were between the ages of 9 and 11 years old, attending minor child, J.M.'s birthday party. All minors involved had explicit permission to spend the night at 156 Ranalli Ave.

20. Ofc. Bentley and Sgt. Hammons allowed all but two minors to enter the residence at 156 Ranalli Ave. Stephanie shut the door behind the kids.

21. Ofc. Ibarra kept the two minors (including J.M) detained at the end of the private driveway.

22. After the allowed minors entered the front door of the residence Ofc. Bentley threatened Stephanie with a phone call to DHS (Department of Human Services), noting two minors were not inside the residence.

23. Upon this comment, Stephanie exited the residence to retrieve the two minor children being detained at the end of the private driveway.

24. Moments thereafter, Jaron McTee exits the residence to seek an understanding of the situation.

25. Mr. McTee attempts to exert his constitutionally protected parental and guardianship rights to direct the minors to enter the residence and join the other minors.

26. With this verbal command, Sgt. Hammons gives the minors contridictory direction to remain outside, and meanwhile Ofc. Ibarra and Ofc. Bentley became physically aggressive with Mr. McTee.

27. Plaintiff Jaron McTee was not fleeing, was not armed, and posed no immediate threat to the

156 Ranalli Ave.
Tontitown, AR 72762
(479) 426-9449
FlipgrassLLC@gmail.com

safety of the officers or others.

28. Ofc.Ibarra and Ofc. Bentley pushes Mr. McTee against the back of his truck and forces him into an unnatural, destabilized position.

29. Ofc. Ibarra and Ofc. Bentley's use of unjustified, excessive force caused physical injury to Mr. McTee's left shoulder and arm.

30. Ofc. Ibarra verbally accuses Mr. McTee of physically touching Sgt. Hammons. Available bodycam video evidence (EXHIBITS B-1, C-1, D-1) show these allegations unfounded and the use of force was pretextual, excessive, and unjustified.

31. The officers physical and verbal escalations causes minors and Mrs. McTee to become extremely emotionally distressed.

32. Plaintiff Stephanie McTee was not fleeing, was not armed, and posed no immediate threat to the safety of the officers or others.

33. Defendant Hammons proceeds to perform a "leg sweep" on Mrs. McTee.

34. Defendant Hammons use of physically force was excessive and resulted in injury.

35. Defendant Hammons use of excessive force resulted in physical trauma to Mrs. McTee's knee and head.

36. Stephanie McTee, Jaron McTee, and minor child J.M. have suffered emotional damage and social ostracization as a direct result of Defendant Bentley, Defendant Hammons, and Defendant Ibarras actions.

37. Defendant Bentley ordered the Plaintiffs' minor children to remain in the 30°F weather and threatened Stephanie McTee with the removal of her children via DHS.

38. Defendant Ibarra detained Jaron McTee without probable cause, later admitting via radio

156 Ranalli Ave.
Tontitown, AR 72762
(479) 426-9449
FlipgrassLLC@gmail.com

that they were "fighting a guy" before identifying any specific criminal act by the Plaintiffs.

39. Ofc. Bentley enters the residence with a handcuffed Stephanie McTee and requires her to retrieve a phone to secure phone numbers.

40. Ofc. Bentley proceeds to collect all minor's parent's phone numbers and calls each of them. He shared unfounded information, as no investigation has taken place yet.

41. Sgt. Hammons, Officer Bentley, and Officer Ibarra all falsely claim to other parents and neighbors that Mr. and Mrs. McTee had been consuming alcohol. (Exhibit 6)

42. Ofc. Bentley once again threatens Mrs. McTee with a DHS call as they walk to Ofc. Ibarra's patrolcar to request Mr. McTee's help in securing parent phone numbers.

43. Ofc. Bentley asks if Stephanine needs an ambulance for her "boo boo" in an effort to mitigate the seriousness of the physical assault. (Exhibit 6)

44. Defendant Ibarra begins an investigation after Mr. and Mrs. McTee are released from handcuffs.

45. The investigation results in no damage to any property.

46. The December 12th encounter resulted in no arrests or charges.

47. Exhibit 1 (FOIA Emails) and Exhibit 2 demonstrate that Defendants engaged in a pretextual effort to suppress evidence by citing a "pending felony investigation" that did not exist.

**FOIA Obstruction and Evidence Suppression**

19. Following the incident, Plaintiffs submitted a FOIA request for bodycam and dashcam footage.

20. Officer Danielle DeLille, acting on behalf of the Department, denied the request by citing a pretextual "pending investigation" into felony "Child Endangerment"—a charge that the

156 Ranalli Ave.
Tontitown, AR 72762
(479) 426-9449
FlipgrassLLC@gmail.com

prosecutor later admitted was legally insufficient.

21. When footage was eventually produced, it was missing the critical seven-minute window (22:01-22:08) during which the force was applied.

22. Plaintiffs provided proof that Sgt. Hammons' camera was active, leading to the eventual production of the suppressed footage, demonstrating a bad-faith effort to conceal the assault.

### January 2026 Retaliation

23. On January 9, 2026, the same day the original federal complaint was filed, Sgt. Hammons and Officer Bentley coordinated with Elm Springs Disctrict Court Prosecutor Heather Owens to file criminal charges.

24. The Defendants' motivation for issuing citations was rooted in personal animus. As shown in Exhibit 4, Prosecutor Owens wrote to Defendant Hammons on January 8, 2026: *"I really loathe these people"*.

25. On January 12, 2026—exactly 72 hours after the filing of this federal action—Plaintiffs were served with retaliatory citations for Disorderly Conduct and Obstruction, as documented in Exhibit 3.

26. Prosecutor Owens explicitly stated that the Defendants sought to put the Plaintiffs *"in jail,"* but settled for citations when the child endangerment charge failed

## V. Specific Claims Against Each Defendant

### Claim 1: Sgt. Trevor Hammons

26. Fourth Amendment (Excessive Force) and First Amendment (Retaliation)

156 Ranalli Ave.
Tontitown, AR 72762
(479) 426-9449
FlipgrassLLC@gmail.com

27. Plaintiffs engaged in protected activity by filing this federal civil rights lawsuit on January 9, 2026.

28. Defendant Hammons self-dispatched to a non-emergency call and expressed personal biases. Sgt. Hammons physically assaulted Stephanie McTee with a leg sweep and initiated criminal citations following the filing of this lawsuit.

29. Sgt. Hammons initiated physical violence (leg sweep) against Stephanie McTee. Plaintiff Stephanie McTee was not fleeing, was not armed, and posed no immediate threat to the safety of the officers or others .

30. Under Eighth Circuit precedent (*Montoya v. City of Flandreau*), this use of a takedown maneuver on a non-violent, non-fleeing misdemeanant is objectively unreasonable.

31. Defendant Hammons took adverse action that would chill a person of ordinary firmness by issuing criminal citations on January 12, 2026.

32. His physical actions were the direct cause of the Fourth Amendment violation, and his coordination with the prosecutor provided the "but-for" cause of the retaliatory citations that violate the First Amendment.

33. Physical trauma to Mrs. McTee's knee and head; deprivation of First Amendment rights to both Plaintiffs and the minor child, J.M.

### Claim 2: Officer Diego Ibarra

30. Fourth Amendment (Unlawful Seizure, Excessive Force)

31. Plaintiffs engaged in protected activity by filing this federal civil rights lawsuit on January

9, 2026.

32. Ofc. Ibarra physically detained Jaron McTee before establishing probable cause that any crime had been committed.

33. Defendant Ibarra detained Jaron McTee based solely on the generalized description of 'parents' at the residence, without individualized reasonable suspicion that Jaron McTee had committed a crime.

34. This detention was prolonged beyond the scope of a Terry stop when Ibarra physically restrained McTee without conducting a concurrent investigation.

35. Ibarra's direct physical detention of Jaron McTee was the moving force behind the unlawful seizure.

36. Physical trauma to Mr. McTee's shoulder and arm; the loss of liberty, and psychological trauma to both Plaintiffs and the minor child, J.M.

### Claim 4: Officer Darrin Bentley

34. Fourteenth Amendment (Parental Rights), First Amendment (Retaliation), Fourth Amendment (Unlawful Seizure, Excessive Force).

35. Plaintiffs engaged in protected activity by filing this federal civil rights lawsuit on January 9, 2026.

36. Bentley forced minor children to remain in sub-freezing weather and utilized threats of DHS removal to coerce the Plaintiffs. Assisted in the physical detention of Jaron McTee and was the lead officer dispatched to the scene. He further coordinated with Sgt. Hammons on the retaliatory citations.

37. Defendant Bentley took adverse action that would chill a person of ordinary firmness by

156 Ranalli Ave.
Tontitown, AR 72762
(479) 426-9449
FlipgrassLLC@gmail.com

issuing criminal citations on January 12, 2026.

38. Bentley's orders directly caused the exposure of the children and the emotional distress of the parents and were the driving force in persuading Prosecutor Owens to file the 1/12 charges on Mr. and Mrs. McTee.

39. Severe emotional distress and psychological trauma to both the parents and the minor child, J.M; due to Ofc. Bentley's direct actions.

## Claim 5: Chief Corey Jenison

38. Fourth and Fourteenth Amendments (Supervisory)

39. Plaintiffs engaged in protected activity by filing this federal civil rights lawsuit on January 9, 2026.

40. Jenison failed to supervise Hammons' self-dispatching, ratified the bad-faith FOIA denial, and authorized the service of retaliatory citations on January 12.

41. As the policymaker for the department, his failure to act was the proximate cause of the continued misconduct by his officers. Jenison's lack of oversight allows for ongoing, unconstitutional activities by the Tontitown Police Department.

42. Defendant approved adverse action that would chill a person of ordinary firmness by issuing criminal citations on January 12, 2026.

43. Systemic deprivation of the Plaintiffs' constitutional rights due to Chief Jenison's lack of supervision and training.

## Claim 6: City of Tontitown

42. Monell Liability (Municipal Custom and Policy)

156 Ranalli Ave.
Tontitown, AR 72762
(479) 426-9449
FlipgrassLLC@gmail.com

43. Plaintiffs engaged in protected activity by filing this federal civil rights lawsuit on January 9, 2026.

44. The City maintained unconstitutional policies regarding warrantless entry (Exhibit 9) and failed to train officers despite notice from the *Sherland* settlement offer. This shows deliberate indifference by the city.

45. Defendant allowed adverse action that would chill a person of ordinary firmness by issuing criminal citations on January 12, 2026.

46. The City's failure to train officers on the First Amendment and allowing pretextual charges was the "moving force" behind the violations.

47. Exhibit 9 (Resolution No. 2025-___) confirms that the City had notice of Sgt. Hammons' propensity for misconduct following the *Sherland* settlement offer in September 2025. The City's failure to retrain Hammons constitutes deliberate indifference.

48. City is aware and actively involved in *Sherland v Hammons et al* (Case No. 52:CV-05084-TLB).

49. Physical, emotional, and reputational harm to the entire family.

## VI. Prayer for Relief

WHEREFORE, Plaintiffs respectfully request that this Court:

A.  Issue an injunction requiring the City of Tontitown to implement mandatory de-escalation and juvenile interaction training;

B.  Award Plaintiffs compensatory damages for physical injuries, severe emotional distress, loss of liberty, and the violation of clearly established constitutional rights in an amount to be proven at trial, but not less than $750,000.00;

156 Ranalli Ave.
Tontitown, AR 72762
(479) 426-9449
FlipgrassLLC@gmail.com

C.  Award Plaintiffs punitive damages against the individual Defendants for conduct that was motivated by evil motive or intent, or which involved reckless or callous indifference to federally protected rights, in an amount not less than $750,000.00;

D.  Award Plaintiffs the taxable costs of this action as permitted by 28 U.S.C. § 1920;

E.  Grant such other and further relief as this Court may deem just and proper, for a total aggregate prayer of $1,500,000.00.

Respectfully submitted,

_____
Jaron McTee, *pro se*

_____
Stephanie McTee, *pro se*

156 Ranalli Ave.
Tontitown, AR 72762
(479) 426-9449
FlipgrassLLC@gmail.com