US DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

FEB 0 6 2026

Ronald E. Dowling
By_____
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF ARKANSAS

## FAYETTEVILLE DIVISION

**STEPHANIE MCTEE; and JARON MCTEE**

**PLAINTIFFS**

v.                                CASE NO. 5:26-cv-05007-TLB

**SGT. TREVOR HAMMONS,**

**OFFICER DIEGO IBARRA,**

**OFFICER DARRIN BENTLEY,**

**CHIEF COREY JENISON, and**

**CITY OF TONTITOWN, ARKANSAS**

## BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

I.   **SUMMARY**

   A. On December 12, 2025, Tontitown Police responded to a non-emergency call regarding "laughing" juveniles. Without investigation, Sgt. Hammons utilized a leg-sweep maneuver on Stephanie McTee while she was non-violent and non-fleeing. After Plaintiffs sought legal redress by filing the original Complaint in this Court, they were served with retaliatory citations. Because of the close physical proximity of the Plaintiffs' home to the Defendants' headquarters, the threat of further roving interdiction is imminent.

156 Ranalli Ave.
Tontitown, AR 72762
(479) 426-9449
FlipgrassLLC@gmail.com

B. On January 8, 2026, City Prosecutor Heather Owens emailed Sgt. Hammons and Officer Bentley, stating, *"I really loathe these people"* while discussing the pursuit of charges (Exhibit 4a). Plaintiffs filed this federal action on January 9, 2026. Exactly 72 hours later, on January 12, the Tontitown Police served Plaintiffs with retaliatory citations for "Obstruction" and "Disorderly Conduct"- charges the Prosecutor admitted she struggled to "make" before the filing of the lawsuit (Exhibit 4a).

C. The Defendants initiated the state court prosecution in bad faith and for the purpose of harassment, as evidenced by the 72-hour window following the federal filing and the documented personal animus ('loathing') expressed by the prosecutor.

D. The City's own official records reveal a systemic acceptance of mathematically implausible police training reporting. Two of the Tontitown Police Reports for December and June 2025 (Exhibit 13 and Exhibit 14) claim 5,423 Year-to-Date training hours and not a one-time clerical error. For an estimated 18-officer department, this averages 301 hours per officer, versus the state's Commission on Law Enforcement Standards and Training (CLEST) annual requirement of 24 hours per officer.

E. The 2025 City Financials (Exhibit 15) only show $15,788.29 spent on police training in 2025. Which equates to a cost of $2.91 per hour of training, a figure that proves the training is a fraudulent administrative shield intended to hide a lack of actual constitutional oversight by city and police chief.

156 Ranalli Ave.
Tontitown, AR 72762
(479) 426-9449
FlipgrassLLC@gmail.com

## II. ARGUMENT

A. To obtain a preliminary injunction, a plaintiff must show: (1) a likelihood of success on the merits; (2) a threat of irreparable harm; (3) that the balance of equities favors the injunction; and (4) that the injunction is in the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981).

B. Plaintiffs have established a high likelihood of success on their First Amendment retaliation and *Monell* claims. The 72-hour window between the federal filing and the citations, combined with the "loathing" email, constitutes clear evidence of a retaliatory motive.

C. Furthermore, the statistical impossibility of the City's training records supports a *Monell* claim of deliberate indifference. A chief and city that reports inflated training hours while only spending an estimated $2.91 per training hour is, by definition, failing to supervise its officers.

D. The ongoing retaliatory prosecution in Elm Springs Municipal Court poses an immediate threat to Plaintiffs' First Amendment rights. The actions of the local proceedings, where citations were manufactured only after a federal suit was filed, create a chilling effect that cannot be cured by money damages later.

E. Additionally, the City has no legitimate interest in pursuing prosecutions based on "*loathing*" or maintaining fraudulent training records. The public interest is served by ensuring that police departments report accurate data, the city is aware of police metrics, and remains accountable to constitutional standards.

156 Ranalli Ave.
Tontitown, AR 72762
(479) 426-9449
FlipgrassLLC@gmail.com

F.  This Court may take judicial notice of the proceedings in *Sherland v. Hammons et al*, Case No. 5:25-cv-05084-TLB, which involves similar allegations of violating individuals' constitutional rights, against some of the same Defendants.

## III. CONCLUSION

Because the City of Tontitown has demonstrated a custom of administrative deception and retaliatory conduct, Plaintiffs respectfully request that this Court enjoin the ongoing state prosecutions and order the immediate preservation of all individual training logs, internal emails with the police department, city, and courts, and all video audit data.

## IV. REQUEST

For the reasons stated above, Plaintiffs respectfully request that the Court grant the Motion for Preliminary Injunction.

Respectfully submitted,

Jaron McTee, *Pro Se*

Stephanie McTee, *Pro Se*

156 Ranalli Ave.
Tontitown, AR 72762
(479) 426-9449
FlipgrassLLC@gmail.com