**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

STEPHANIE McTEE AND JARON
McTEE                                                                    **PLAINTIFFS**

**V.**                              **CASE NO. 5:26cv5007DCF**

SGT. TREVOR HAMMONS; OFFICER DIEGO
IBARRA; OFFICER DARRIN BENTLEY; CHIEF
COREY JENISON; each in their official and
Individual capacities; and the CITY OF
TONTITOWN                                                              **DEFENDANTS**

**DEFENDANTS' RESPONSE TO MOTION FOR**
**PRELIMINARY INJUNCTION**

COME NOW, Defendants herein, by and through counsel, and for their Motion for their

Response to Plaintiffs' Motion for Preliminary Injunction, state:

**I.  INTRODUCTION**

Plaintiffs filed a civil rights claim under 42 U.S.C. §1983 to redress the alleged violations

of their rights secured by the First, Fourth, and Fourteenth Amendments to the United States

Constitution. Plaintiffs seek damages and injunctive relief arising from a December 12, 2025,

incident at their residence, during which Tontitown police officers allegedly used excessive force,

unlawfully detained them, and subsequently engaged in retaliation after the Plaintiffs filed the

instant civil lawsuit. Based on these allegations, Plaintiff has requested this court grant a

preliminary injunction enjoining (1) the Defendants and their agents to be restrained from any non-

official or non-emergency contact with the Plaintiffs and (2) prohibit Defendants from taking

adverse law enforcement actions against them in retaliation for the prosecution of this lawsuit.

Plaintiffs fail to meet the Eighth Circuit's stringent standard for the extraordinary remedy

they seek. Their allegations—largely speculative, conclusory, or contradicted by the record—do

not establish a likelihood of success on the merits, irreparable harm, favorable equities, or advancement of the public interest as required under *Dataphase Systems, Inc. v. C.L. Systems, Inc.,* 640 F.2d 109 (8th Cir. 1981) (en banc).

Plaintiffs base their request on routine law enforcement actions, misinterpretations of municipal financial records, and unsubstantiated assertions of retaliation. None of these warrant federal injunctive interference with ongoing municipal and state processes.

## II.    FACTS

On December 12, 2025, at approximately 2153 hours, Tontitown officers were dispatched to the area of Ranalli Avenue and Lazzari Street regarding a criminal mischief complaint. Dispatch advised that multiple juveniles dressed in black were ringing doorbells and fleeing the scene. A second caller reported, via 911, that the juveniles had damaged her property by breaking a screen and expressed concern that they were targeting multiple residences. Officers Darrin Bentley and Diego Ibarra located a group of juveniles in the area. Officers learned that the children were staying at 156 Ranalli Avenue for a birthday party. It was after 10pm and the temperature was around 30 degrees. The juveniles were inadequately dressed for the weather with no apparent parental supervision. *See,* Amended Complaint [ECF No. 10-7] pgs. 6-11.

Officers Ibarra began speaking with the two kids who admitted to breaking the screen while Officer Bentley took the rest of the kids back to 156 Ranalli Avenue. An older man answered the door and Plaintiff Stephanie McTee stepped in front of the older man. Officer Bentley explained thwat was happening and told Mrs. McTee that he needed to speak with the kids parents. Mrs. McTee brushed it off and said the kids wouldn't do it again and further stated she would call their parents. While Mrs. McTee began ushering the kids inside, Officer Bentley could smell intoxicants

on her person. As Mrs. McTee tried to shut the door, Officer Bentley told her that she was missing two children; both of whom were speaking with Officer Ibarra about the property damage. *Id.*

While Officer Ibarra was speaking with the kids, gathering information on the property damage and getting parent information, Plaintiff Jaron McTee exited the residence and started pulling the kids back inside. Sgt. Hammons stepped in front of Mr. McTee and told him that's not how this was going to work. It appeared that Mr. McTee put his arms up and pushed off Sgt. Hammons. Officers Bentley and Ibarra grabbed Mr. McTee and placed his hands behind his back. Mr. Officers noted that McTee also smelled of alcohol. Mrs. McTee was yelling profanities and the couple were both screaming. The two children were crying. Mrs. McTee resisted verbal commands, requiring a controlled leg sweep, placing her on the ground to gain compliance. At that time, Mrs. McTee was also placed in handcuffs. Mrs. McTee sustained a minor scrape to her knee. Officer asked Mrs. McTee if she needed medical attention and she declined. *Id.*

Once the McTees calmed down, the handcuffs were removed and the officers began calling the parents of the children to see if they wanted to pick them up or let them stay. Due to the presence of nine juveniles, incomplete parental information, and an unidentified adult male inside the residence, officers determined that an arrest was not appropriate at that time. *Id.*

After further investigation, the McTees were cited with Obstruction of Governmental Operations and Disorderly Conduct on January 12, 2026. The Plaintiffs filed this lawsuit on January 9, 2026, claiming that the citations were retaliatory because they had been sued; however, Defendants had no knowledge that a complaint had been filed against them when the citations were issued. *Id.*

### III.  ARGUMENT

"A court issues a preliminary injunction to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470 (8th Cir. 1994), *Dataphase Sys., Inc., v. C L Sys., Inc*., 640 F.2d 109 (8th Cir. 1981). In *Dataphase Systems*, the United States Court of Appeals for the Eighth Circuit set forth the factors a district court must balance prior to granting a preliminary injunction: 1) the movant must demonstrate threat of irreparable harm; 2) the harm must outweigh any injury which granting the injunction will inflict on other parties; 3) the movant will likely succeed on the merits; and 4) that the public interest favors an injunction. *Dataphase*, 640 F.2d 108, 114; *see also, Pottgen v. Missouri State High School Activities Association*, 40 F.3d 926, 928 (8th Cir. 1994). "The threshold inquiry is whether the movant has shown the threat of irreparable injury. The failure to show irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction, for '[t]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies.'" *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987). The Plaintiff also bears the burden of proof on the remaining factors. "The burden on the movant 'is a heavy one where, as here, granting the preliminary injunction will give [the movant] substantially the relief it would obtain after a trial on the merits.'" *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co*., 997 F.2d 484, 486 (8th Cir. 1993), quoting, *Dakota Indus. Inc. v. Ever Best Ltd*, 944 F.2d 438, 440 (8th Cir. 1991)). Moreover, the mere possibility of harm is speculative and, thus, insufficient to justify a preliminary injunction. *See generally, United Industries Corp. v. Clorox Co*., 140 F.3d 1175, 1184 (8th Cir. 1998).

**A. The Plaintiffs cannot demonstrate that they will suffer irreparable harm if the Court does not grant a preliminary injunction.**

In order to meet this prong, the Eighth Circuit requires proof of actual and imminent harm, not conjecture. *Phelps Roper v. Nixon*, 545 F.3d 685, 690 (8th Cir. 2008). Here, Plaintiffs offer

4

nothing more than speculation that police "may" engage in future contact; assertions that their residence is close to the police department; and general discomfort arising from ongoing municipal court proceedings.  None of this constitutes irreparable harm. Plaintiffs identify no ongoing threats, no pattern of improper contact, and no evidence that ordinary law enforcement functions pose any real danger. Mere discomfort with lawful criminal process does not create irreparable harm. Therefore, Plaintiff cannot demonstrate any threat of irreparable harm, and this fact alone is a sufficient basis for denial of Plaintiff's request for a preliminary injunction.  Even further, Plaintiff cannot show that she will suffer harm if the injunction is not granted, and therefore, the balance of equities favors Defendants.

**B. The harm suffered should the injunction be granted outweighs any injury that the Plaintiffs would suffer if the injunction is not granted.**

In deciding this prong, federal courts must consider the burden placed on governmental operations. *Planned Parenthood Minn., N.D., S.D. v. Rounds*, 530 F.3d 724, 732–33 (8th Cir. 2008). Granting Plaintiffs' requested injunction would restrict officers from making ordinary contact—even when necessary for public safety; interfere with lawful criminal prosecutions in municipal court; and undermine the ability of the City to maintain order and enforce its laws. Conversely, Plaintiffs face no cognizable injury from allowing normal municipal operations to proceed. Thus, the equities weigh heavily against injunctive relief.

**C. Plaintiffs Cannot Establish a Likelihood of Success on the Merits on their First Amendment Retaliation Claim.**

To prevail on this claim, Plaintiffs must show (1) protected activity, (2) adverse government action that would chill a person of ordinary firmness, and (3) causation—that the protected activity was a "substantial or motivating factor" for the government's action. *Baribeau*

5

*v. City of Minneapolis,* 596 F.3d 465, 481 (8th Cir. 2010).  Plaintiffs fail on each element.  First, there is no evidence of retaliatory motive. Plaintiffs rely heavily on a single email statement by a prosecutor from an agency outside of the City of Tonitown allegedly expressing frustration with Plaintiffs. Nor only was the prosecutor not a City of Tonitown employee or official, even if her statement is taken as true it does not constitute objective evidence connecting the challenged enforcement action to a retaliatory animus on the part of City of Tonitown officials. The citations issued on January 12, 2026, were based on Plaintiffs' conduct—not on their filing of a lawsuit. Complaints, disorderly behavior, and obstruction related incidents regularly require police follow up and do not convert routine enforcement into constitutional violations.   Finally, while Plaintiffs emphasize the "72 hour" gap, the Eighth Circuit repeatedly holds that timing—without additional proof of improper motive—cannot support a retaliation claim. *Graham v. Barnette*, 5 F.4th 872, 887 (8th Cir. 2021).  Thus, Plaintiffs have not and cannot show a likelihood of success.

### D. The Balance of Equities Strongly Favors Defendants

Granting Plaintiffs' requested injunction would restrict officers from making ordinary contact—even when necessary for public safety; interfere with lawful criminal prosecutions in municipal court; and undermine the ability of the City to maintain order and enforce its laws. Conversely, Plaintiffs face no cognizable injury from allowing normal municipal operations to proceed. Thus, the equities weigh heavily against injunctive relief.

### D. The Public Interest Disfavors Federal Judicial Intervention

The public has a strong interest in allowing municipal courts to function without federal obstruction; permitting officers to enforce laws without fear that routine actions will trigger federal injunctions; and avoiding unwarranted federal intrusion into state and local affairs.   Therefore,

Plaintiffs cannot establish this prong, and the Court should deny their request for a preliminary injunction.

## IV.  CONCLUSION

Because Plaintiffs have not demonstrated a likelihood of success, irreparable harm, favorable equities, or alignment with the public interest, their Motion for Preliminary Injunction should be denied in its entirety.

Respectfully submitted,

BY:    Sara Monaghan
SARA MONAGHAN, Ark. Bar No. 2005276
Attorney for Defendants
P.O. Box 38
North Little Rock, AR 72115
TELEPHONE: 501-978-6118
FACSIMILE: 501-537-7262
EMAIL: smonaghan@arml.org

## CERTIFICATE OF SERVICE

I, Sara Monaghan, hereby certify that on this 27th day of April 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF System, which will send notification of such filing to all participating counsel of record listed below:

Stephanie McTee
Jaron McTee
flipgrassllc@gmail.com

/s/ Sara Monaghan
Sara Monaghan

7