US DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

MAY 11 2026

Mistee Aaron
By_____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF ARKANSAS

FAYETTEVILLE DIVISION

STEPHANIE MCTEE; and JARON MCTEE

PLAINTIFFS,

v.                              CASE NO. 5:26-cv-05007-TLB

SGT. TREVOR HAMMONS, et al.

DEFENDANTS.

PLAINTIFFS' MOTION FOR APPOINTMENT OF COUNSEL

COME NOW the Plaintiffs, Stephanie McTee and Jaron McTee, appearing pro se, and

respectfully move this Court for an Order appointing counsel to represent them in the

above-captioned matter pursuant to 28 U.S.C. § 1915(e)(1). In support of this Motion, Plaintiffs

respectfully state as follows:

I. INTRODUCTION & PROCEDURAL POSTURE

Plaintiffs brought this civil rights action pursuant to 28 U.S.C. § 1983.

This Court has already granted Plaintiffs' Application to Proceed *In Forma Pauperis* (IFP) **(ECF**

**No. 5)**, establishing that Plaintiffs are indigent and unable to afford private legal representation.

The Court has completed its initial review and has approved service of process upon the

Defendants. The Defendants have since filed an Answer that actively disputes material facts.

156 Ranalli Ave.
Tontitown, AR 72762
(479) 426-9449
FlipgrassLLC@gmail.com

## II. APPLICABLE LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(1), a district court has broad discretion to appoint counsel for an indigent civil litigant. The Eighth Circuit has directed district courts to evaluate the following factors when determining whether to appoint counsel:

1. The factual complexity of the case;

2. The ability of the indigent litigant to investigate the facts;

3. The existence of conflicting testimony; and

4. The legal complexity of the claims.

See *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018); In re Lane, 801 F.2d 1040, 1043 (8th Cir. 1986). As demonstrated below, each of these factors weighs heavily in favor of appointing counsel in this matter.

## III. ARGUMENT

### 1. The Case Presents Exceptional Legal and Factual Complexity

While the underlying incident originated from an encounter at Plaintiffs' residence, the subsequent legal issues and claims are exceptionally complex and outside the capability of a layperson to litigate effectively:

First Amendment Retaliation & Causation Standards: Plaintiffs must navigate the highly demanding "but-for" causation standards established in *Lozman v. City of Riviera Beach*. Specifically, Plaintiffs must demonstrate causation regarding the highly suspicious 72-hour

156 Ranalli Ave.
Tontitown, AR 72762
(479) 426-9449
FlipgrassLLC@gmail.com

window between the filing of their civil suit and the subsequent criminal citations issued against them.

The case involves internal municipal communications from the City Prosecutor expressing personal "loathing" toward the Plaintiffs. Navigating the complex exceptions to absolute and qualified prosecutorial immunity requires formal legal training that Plaintiffs do not possess.

A critical aspect of this case involves missing audio from Body-Worn Camera (BWC) logs during a use-of-force event. Addressing this issue requires specialized technical knowledge of evidence preservation, digital forensics, electronic discovery rules, and the drafting of complex motions for adverse inference.

## 2. Plaintiffs Lack the Ability to Conduct the Required Factual Investigation and Discovery

Because the Defendants dispute key material facts, resolving this case will require extensive, technically demanding discovery that pro se litigants cannot effectively execute:

Plaintiffs must conduct formal depositions of multiple adverse police officers and a City (Tontitown) Prosecutor. As *pro se* litigants, Plaintiffs are severely disadvantaged in attempting to conduct cross-examinations of trained law enforcement officers and legal professionals.

Plaintiffs must analyze complex BWC metadata and digital audit logs and emails (FOIA) provided by the Tontitown Police Department.

156 Ranalli Ave.
Tontitown, AR 72762
(479) 426-9449
FlipgrassLLC@gmail.com

Establishing Municipal Liability (*Monell*): To establish municipal liability against the City, Plaintiffs must investigate and prove a custom, policy, or pattern of prior misconduct, specifically referencing similar concurrent litigation such as *Sherland v. Hammons, et al.* Building a *Monell* claim is notoriously difficult for unrepresented parties.

### 3. The Case Centers Entirely on Conflicting Testimony and Credibility Determinations

The Eighth Circuit has consistently recognized that the need for counsel is heightened when a case turns on conflicting testimony. As in *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

One of the central factual disputes in this case including whether Plaintiff Jaron McTee "pushed" an officer, the presence of alcohol,  and whether Plaintiff Stephanie McTee was "non-compliant" rely entirely on conflicting testimony and the subjective interpretation of video evidence.

The assistance of counsel is necessary to ensure these critical issues are presented clearly, cross-examinations are handled professionally, and evidence is introduced in strict compliance with the Federal Rules of Evidence.

### 4. Diligent, Good-Faith Efforts to Retain Counsel Have Been Exhausted

Plaintiffs have made exhaustive, good-faith efforts to obtain counsel prior to seeking this Court's intervention:

- Plaintiffs have reached out to multiple private law firms across the State, the ACLU, and various Legal Aid resources.

156 Ranalli Ave.
Tontitown, AR 72762
(479) 426-9449
FlipgrassLLC@gmail.com

- Requests submitted to local university Law Clinics and legal assistance organizations were denied due to high case volumes or a lack of organizational resources.

Having exhausted all private and public options, Plaintiffs have no alternative but to request court-appointed counsel.

## IV. CONCLUSION

Given the legal complexity of the retaliation claims, the technical nature of the digital evidence, and the necessity of navigating complex immunity and municipal liability frameworks, the interests of justice would be best served by the appointment of counsel in this matter.

**WHEREFORE**, Plaintiffs respectfully request that the Court grant this Motion and appoint counsel to represent them in the above-captioned proceeding.

**Respectfully submitted,**

_____
Jaron McTee, *pro se*

_____
Stephanie McTee, *pro se*

156 Ranalli Ave.
Tontitown, AR 72762
(479) 426-9449
FlipgrassLLC@gmail.com