**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**STEPHANIE MCTEE and JARON MCTEE** **PLAINTIFFS**

**v.** **NO. 5:26-cv-05007**

**SGT. TREVOR HAMMONS, Tontitown Police Department, in his individual and official capacities; OFFICER DIEGO IBARRA, Tontitown Police Department, in his individual and official capacities; OFFICER DARRIN BENTLEY, Tontitown Police Department, in his individual and official capacities; CHIEF COREY JENISON, Tontitown Police Department, in his individual and official capacities; and, CITY OF TONTITOWN, ARKANSAS** **DEFENDANTS**

# CASE MANAGEMENT ORDER

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, and upon consideration of the parties' views in the matter, the following schedule will govern this case. The parties may not amend or deviate from this schedule without leave of the Court.

**1. Discovery:**

(a) Discovery must be completed no later than **April 27, 2027.** The parties may conduct discovery beyond this date if all parties are in agreement to do so. To avoid later misunderstandings, such agreements should be reduced to a writing which describes the type, scope, and length of the extended period of discovery. That said, the Court will not resolve any disputes which may arise in the course of extended discovery.

All discovery requests must be propounded sufficiently in advance of the discovery deadline to allow for a timely response. Witnesses and exhibits not identified and produced in response to Rule 26(a)(1) Initial Disclosures, and/or in response to subsequent discovery requests, may not be used at trial except in extraordinary circumstances. The Court will not grant a continuance because a party does not have time in which to depose a lay or expert witness. Depositions, including depositions for use as evidence, must be completed prior to the discovery cutoff date.

**2. Motions:**

(a) Motions for Class Certification must be filed no later than **90 days** after the Rule 26(f) Conference.

(b) Motions to amend pleadings or to join other parties must be filed no later than **120 days after the parties file the Joint Rule 26(f) Report**, unless good cause is shown for delay.

(c) All dispositive motions, including Daubert/Rule 702 motions, must be filed no later than **21 days** after the close of discovery. Responses must be filed no later than **14 days** from the file date of the motion, and replies, if any, no later than **seven (7) days** from the file date of the response.

(d) Motions in Limine must be filed no later than **14 days** prior to the final pre-trial conference. Responses to these motions must be filed no later than **seven**

**(7) days** from the file date of the motion. Motions submitted after the deadline may be denied solely on that ground. Briefs in Support of such motions and responses shall not exceed three (3) pages per ruling sought, except with leave of Court for good cause shown.

(e) Prior to filing a discovery motion the parties must (i) engage in a substantive good faith effort to amicably resolve the dispute without court intervention (to include at least one verbal discussion), and then, if necessary, (ii) the parties must schedule a conference call with the Court to discuss the dispute. In the event a discovery dispute cannot be informally resolved by the Court, then a formal motion must be filed sufficiently in advance of the discovery deadline to allow for a proper response time under the rules. The length of any such motions and supporting memorandum shall not exceed ten (10) pages in length (excluding exhibits). A response to a discovery motion, with the same page limitations, should be promptly filed.

**3. Expert Disclosure:**

(a) All parties must make initial expert witness disclosures pursuant to Rule 26(a)(2) no later than **90 days** before the close of discovery.

(b) Rebuttal expert witness disclosures pursuant to Rule 26(a)(2) must be made no later than **45 days** before the close of discovery.

(c) Depositions of expert witnesses must be completed within the time allowed for discovery.

**4. Page Limitations:**

Any motion, response, or brief in support must be limited to 25 double-spaced pages of 12-point font. Parties must seek leave before filing any reply in support of a motion other than a dispositive motion. If allowed, replies must be limited to seven (7) double-spaced pages of 12-point font.

**5. Trials:**

The Court will not set dates for the final pretrial conference or the trial until either the Court has decided any dispositive motions or the parties have advised the Court that they are not filing dispositive motions. Once a case is ready to be set for trial, the Court will set the trial at the earliest possible setting which may be within three (3) months.

Once the Court sets a trial date, the following schedule shall apply:

**A. *Jury Trials:***

(i) Pretrial disclosures pursuant to Rule 26(a)(3) must be filed no later than **45 days** before trial and should follow the outline contained in Local Rule 26.2, which may be found on the Court's website at **www.arwd.uscourts.gov**. Objections must be filed within **14 days** of the file date of the pretrial disclosures. Counsel should consult Rule 26(a)(3) for the type of objections which may be made and the type of objections which will be deemed waived if not raised. In the pretrial disclosures, the parties must designate witnesses whose testimony is expected to be presented via deposition. The parties must include a transcript of the pertinent portions of the deposition, and the specific

line designations must be highlighted. Counter-designations and objections to the initial designations are due within **14 days** of the file date of the initial designations. The parties shall then confer in good faith to resolve any objections to designations. Any unresolved objections shall be made by a joint written motion filed no later than **seven (7) days** after counter-designations and/or objections to the initial designations. Instructions for preparing the joint motion and the form to be used are posted on the Court's website at https://www.arwd.uscourts.gov/judge-fowlkes-forms. Objections will be resolved during the Final Pre-Trial Conference.

(ii) The parties must confer in advance regarding proposed jury instructions in an attempt to narrow areas of disagreement. The parties shall jointly submit a single agreed set of proposed instructions (clearly marked "AGREED") to Chambers no later than **21 days** prior to the final pre-trial conference. Proposed verdict forms should be submitted as well. Whenever possible, counsel should use model instructions from the Eighth Circuit, AMI, or Federal Jury Practice and Instructions (5th Edition), as applicable, and should note the source and/or basis of the instruction at the end of each instruction.
If the parties cannot agree to a particular instruction(s), the party requesting a disputed instruction must submit it to the Court and to opposing counsel by the same date Agreed Instructions are due. Such instructions should be clearly marked as "[Plaintiff's/Defendant's] DISPUTED Instruction No. __." The legal basis for the instruction and brief description of the parties' disagreement shall be provided with the instruction (either in the space below the form of the instruction or attached on a separate page).
The parties should follow the same process to submit "agreed" and "disputed" proposed verdict forms. Agreed and disputed instructions/verdict forms should be submitted electronically in Word format to dcfinfo@arwd.uscourts.gov .

(iii) Each party must submit via email no later than **21 days** prior to the final pre-trial conference, a concise non-argumentative statement/overview of the case, *no more than one double spaced page in length*, that it proposes the Court read to the venire panel.

(iv) The parties should stipulate in writing to the facts not in controversy and provide the same to the Court via email no later than **21 days** prior

to the final pre-trial conference. Stipulations will be marked and received as a joint exhibit, and may be read/shown to the jury at an appropriate time(s) during the trial. The parties are encouraged to use stipulations as a means of establishing the chronology of significant events and to otherwise narrow and simplify fact issues submitted to the jury.

(v) Each party shall submit "final" witness and exhibit lists to the Court by no later than **seven (7) days** prior to the final pre-trial conference. The lists should be in the format as posted on the Court's website at https://www.arwd.uscourts.gov/judge-fowlkes-forms. Witnesses shall be grouped together under headings indicating whether they "will be called" or merely "may be called" to testify.
Trial Exhibits must be identified, numbered, provided, and made available to opposing counsel in advance of the deadline. Counsel must then review and confer for the purpose of identifying any exhibits to which agreement or objections are contemplated. The final numbered exhibit list provided to the Court should therefore indicate—for each applicable exhibit—whether opposing counsel intends to "agree" (subject to proponent laying proper foundation) or "object" to its introduction. Prior to trial, the parties shall further confer and identify which, if any, of the agreed exhibits may be stipulated into evidence *in mass* at the beginning of the trial. Please promptly notify the Court via email as to which exhibits will be received in this manner.
Each party shall provide a flash drive with final proposed exhibits and a notebook of its final proposed exhibits (numbered, indexed, and tabbed) to Chambers by no later than **seven (7) days** prior to the final pre-trial conference.

(vi) All civil jury trials shall be to an **eight (8)** person jury unless otherwise ordered by the Court upon written request made by a party pursuant to Rule 38.

(vii) Unless the Court orders otherwise, trial shall begin at 9:00 a.m. Counsel and unrepresented parties are directed to report at 8:30 a.m. on the date of trial unless otherwise notified.

**B.** ***Bench Trials:***

(i) Pretrial disclosures pursuant to Rule 26(a)(3) must be filed no later than **45 days** before trial and should follow the outline contained in Local Rule 26.2, which may be found on the Court's website at **www.arwd.uscourts.gov**. Objections must be filed within **14 days** of the file date of the pretrial disclosures. Counsel should consult Rule 26(a)(3) for the type of objections which may be made and the type of objections which will be deemed waived if not raised. In the pretrial disclosures, the parties must designate witnesses whose testimony is expected to be presented via deposition. The parties must include a transcript of the pertinent portions of the deposition, and the specific line designations must be highlighted. Counter-designations and objections to the initial designations are due within **14 days** of the file date of the initial designations. The parties shall then confer in good faith to resolve any objections to designations. Any unresolved objections shall be made by a joint written motion filed no later than **7 days** after counter-designations and/or objections to the initial designations. Instructions for preparing the joint motion and the form to be used are posted on the Court's website at https://www.arwd.uscourts.gov/judge-fowlkes-forms. Objections will be resolved during the Final Pre-Trial Conference.

(ii) Proposed findings of fact and conclusions of law must be exchanged by the parties and submitted to the Court at dcfinfo@arwd.uscourts.gov no later than **21 days** prior to the final pre-trial conference.

(iii) Each party shall submit "final" witness and exhibit lists to the Court by no later than **seven (7) days** prior to the final pre-trial conference. The lists should be in the format as posted on the Court's website at https://www.arwd.uscourts.gov/judge-fowlkes-forms. Witnesses shall be grouped together under headings indicating whether they "will be called" or merely "may be called" to testify.
Trial Exhibits must be identified, numbered, provided, and made available to opposing counsel in advance of the deadline. Counsel must then review and confer for the purpose of identifying any exhibits to which agreement or objections are contemplated. The final numbered exhibit list provided to the Court should therefore indicate—for each applicable exhibit—whether opposing counsel intends to "agree" (subject to proponent laying proper foundation) or "object" to its

introduction. Prior to trial, the parties shall further confer and identify which, if any, of the agreed exhibits may be stipulated into evidence *in mass* at the beginning of the trial. Please promptly notify the Court via email as to which exhibits will be received in this manner.
Each party shall provide a flash drive with final proposed exhibits and a notebook of its final proposed exhibits (numbered, indexed, and tabbed) to Chambers by no later than **seven (7) days** prior to the final pre-trial conference.

(iv) Unless the Court orders otherwise, trial shall begin at 9:00 a.m. Counsel and unrepresented parties are directed to report at 8:30 a.m. on the date of trial unless otherwise notified.

**C. *Trial Continuances*:**

No continuances will be granted except for good cause shown. That a party does not have time to depose a witness, to complete discovery, or otherwise prepare for trial will not normally be considered good cause.

**D. *Trial Length*:**

If any party anticipates the trial will take more than **five (5) days**, the Court should be immediately notified by sending an e-mail to dcfinfo@arwd.uscourts.gov.

**6. Settlement Conference:**

The parties are ordered to attend a Settlement Conference ***in person*** with Magistrate Judge Christy D. Comstock by no later than **September 17, 2027**. The exact date will be set by separate order.[1]

[1] By motion, for good cause shown, the parties may request to be excused from this requirement. "Good cause" will be established by a statement that the posture of the case is such that the parties believe settlement efforts would be futile and the parties intend to proceed to trial as scheduled.

**7. Settlement:**

(a) In the event of settlement, the Court should be advised immediately by notifying Courtroom Deputy Nicole Times at 479-783-1466 and by sending an e-mail to dcfinfo@arwd.uscourts.gov.

(b) A case will not be removed from the trial docket until an order to that effect is entered by the Court, and if no such order is entered by the time the matter is reached for trial, it will be called for trial and tried or otherwise disposed.

**IT IS SO ORDERED** this 19th day of October, 2026.

/s/ David Clay Fowlkes
DAVID CLAY FOWLKES
UNITED STATES DISTRICT JUDGE